UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

STANWICH MORTGAGE ACQUISITION              Civil Action No. 24-cv-771(DEH)
COMPANY VIII, LLC,

               Plaintiff,                          **<u>ANSWER</u>**

     -against-

EQUITY PRIME MORTGAGE, LLC,

               Defendant.

------------------------------------------------------------X

      Defendant, EQUITY PRIME MORTGAGE, LLC by its attorneys FORCHELLI DEEGAN

TERRANA LLP, answers the Complaint of the Plaintiff by stating as follows:

      1.      Denies the allegations of paragraph "1."

      2.      Denies, upon information and belief, the allegations of paragraph "2," except to

admit that the document referred to therein speaks for itself.

      3.      Denies, upon information and belief, the allegations of paragraph "3."

      4.      Denies, upon information and belief, the allegations of paragraph "4."

<strong><u>PARTIES</u></strong>

      5.      Denies having knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraph "5."

      6.      Denies, upon information and belief, the allegations of paragraph "6," except to

admit that Equity Prime Mortgage, LLC is a limited liability company organized under the laws

of the State of Georgia with its principal place of business at 5 Concourse Parkway, Queen

Building, Suite 2250, Atlanta, Georgia 30328.

**JURISDICTION AND VENUE**

7.      Denies, upon information and belief, the allegations of paragraph "7", except to admit that Plaintiff claims to have satisfied the statutory prerequisites of subject matter jurisdiction.

**FACTS**

8.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "8."

9.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "9."

10.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "10."

11.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "11."

12.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "12."

**The MLPA**

13.     Admits, upon information and belief, the allegations of paragraph "13."

14.     Denies, upon information and belief, the allegations of paragraph "14," except to admit that the documents referred to speak for itself.

15.     Denies, upon information and belief, the allegations of paragraph "15."

16.     Denies, upon information and belief, the allegations of paragraph "16", inclusive of footnote "1," except to admit that the document referred to speaks for itself.

17.     Denies, upon information and belief, the allegations of paragraph "17," except to admit that the documents referred to speak for itself.

18.    Denies, upon information and belief, the allegations of paragraph "18", except to admit that the documents referred to speak for itself.

19.    Denies, upon information and belief, the allegations of paragraph "19", except to admit that the documents referred to speak for itself and respectfully refers all matter of contractual interpretation to this Honorable Court.

20.    Denies, upon information and belief, the allegations of paragraph "20" except to admit that the document referred to speaks for itself.

21.    Denies, upon information and belief, the allegations of paragraph "21" except to admit that the document referred to speaks for itself.

**The Breach**

22.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "22."

23.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "23."

24.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "24," inclusive of footnote "2."

25.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "25," inclusive of footnote "3."

26.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "26."

27.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "27," except to admit that the document referenced therein to speak for itself.

28.     Denies, upon information and belief, the allegations of paragraph "28."

29.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "29."

## AS AND FOR A FIRST CAUSE OF ACTION
## (BRACH OF CONTRACT

30.     Responds to paragraph "30" of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

31.     Denies, upon information and belief, the allegations of paragraph "31," and respectfully refers all matters of contractual interpretation to this Honorable Court.

32.     Denies, upon information and belief, the allegations of paragraph "32".

33.     Denies, upon information and belief, the allegations of paragraph "33" and respectfully refer all questions of contractual interpretation to this Honorable Court.

34.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "34."

35.     Denies, upon information and belief, the allegations of paragraph "35."

36.     Denies, upon information and belief, the allegations of paragraph "36."

## AS TO THE PRAYER FOR RELIEF

37.     Defendants deny the allegations and claims contained in Plaintiff's Prayer for Relief in the Complaint including subsections "i" through "iii" thereof.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE
### ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

38.     Upon information and belief, the causes of action alleged in the Complaint of the Plaintiff fail to properly state, specify or allege a cause of action on which relief can be granted as a matter of law.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE
### ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

39.     That if it is determined that the answering Defendant is responsible for the acts alleged in the Complaint then Plaintiff failed to take appropriate action to mitigate any damages.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE
### ANSWERING DEFENDANT ALLEGE AS FOLLOWS:

40.     Plaintiff failed to fulfill a condition precedent before proceeding with this action having failed to provide Defendant with notice of its breach and its opportunity to cure its purported breach as required by the MLPA.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
### ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

41.     The Complaint must be dismissed since these answering Defendant has no contractual, implied or other relationship with Plaintiff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
### ANSWERING DEFENDANT ALLEGE AS FOLLOWS:

42.     Plaintiff is barred from proceeding under the applicable statute of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE ANSWERING DEFNDANT
### ALLEGES AS FOLLOWS:

43.     Plaintiff's causes of action are barred in whole or in part by the doctrine of accord and satisfaction.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

44.    Plaintiff's claims are barred by the doctrine of unclean hands.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

45.    Plaintiff's claims are barred by the doctrines of estoppel, laches and/or ratification.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

46.    As to any contract which may have existed between the parties, said contract was breached by the Plaintiff.

## AS AND FOR A TENTH AFFIRAMTIVE DEFENSE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

47.    Defendants presently have insufficient knowledge or information upon which a belief can be formed as to whether the Defendants may have additional, but yet unknown and unstated, affirmative defenses.  Defendants reserve the right to amend their answer to assert such additional affirmative defenses in the event that discovery reveals that additional defenses are appropriate.

## AS FOR AN ELEVENTH AFFIRMATIVE DEFENSE ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

48.    Plaintiff and Defendant are not in privity of contract.

## AS AND FOR A TWELFTH AFFIRAMTIVE DEFENSE ANSWERING DEFNDANT ALLEGES AS FOLLOWS:

49.    Plaintiff, having assigned its right, title and interest in the MLPA, does not have standing to enforce its terms.

## AS AND FOR A THIRTEENTH AFFIRMATIE DEFENSE ANSWERING DEFENDANT ALELGES AS FOLLOWS:

50.    Damages, if any, are limited by the provision of the MLPA.

## <u>AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE ANSWERING</u><br><u>DEFENDANT ALLEGES AS FOLLOWS:</u>

51.     The purported breaches raised in the Complaint, even if they had occurred, are the

direct and proximate result of third-parties who are outside of Defendant's control.

WHEREFORE, this Defendant demands judgment dismissing the Complaint,

together with costs and disbursements, and in the event any judgment or settlement is

recovered herein against Defendant, then Defendant further demands that such judgment

be reduced by the amount which is proportionate to the degree of culpability of any

Plaintiff.

DATED: April 8, 2024
        Uniondale, New York

Yours, etc.,

FORCHELLI DEEGAN TERRANA LLP

By: _____
        **Keith J. Frank, Esq.**
        **Lisa M. Casa, Esq.**
        333 Earle Ovington Boulevard, Suite 1010
        Uniondale, New York 11553-3644
        (516) 745-8310

        kfrank@forchellilaw.com
        lcasa@forchellilaw.com
        Attorneys for Defendant

To:
Michael A. Hanon, Esq.
Jill L. Forster. Esq.
Sarah G. Lyon, Esq.

Kasowitz Benson Torres LLPC
1633 Broadway
New York, New York 10019
Attorneys for Plaintiff

7

24 CIV 771

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STANWICH MORTGAGE ACQUISITION COMPANY VIII, LLC,

        Plaintiff,

  -against-

EQUITY PRIME MORTGAGE LLCL,

        Defendants.

---

**ANSWER TO COMPLAINT and
FEDERAL RULE 7.1 STATEMENT**

---

Attorneys for Defendant
Equity Prime Mortgage
Office and Post Office Address
333 Earle Ovington Boulevard, Suite 1010
Uniondale, New York 11553-3644
(516) 745-8310