UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STANWICH MORTGAGE ACQUISTION
COMPANY VII, LLC,                                                                  Docket No.: 1:24-cv-00771-DEH

                     Plaintiff,                                           **ANSWER**

    -against-

EQUITY PRIME MORTGAGE, LLC,

                     Defendant.
-----------------------------------------------------------------X
EQUITY PRIME MORTGAGE, LLC,

                     Third-Party Plaintiff,

    -against-

THE MONEY SOURCE, INC. and
SERVBANK, Sb,

                     Third-Party Defendants.
-----------------------------------------------------------------X

Third-Party Defendants The Money Source, Inc. and Servbank, Sb ("TP Defendants"), by and through their attorneys, Milman Labuda Law Group, PLLC, answer the Third-Party Complaint ("TPC") of Equity Prime Mortgage, LLC ("TP Plaintiff") as follows:

## NATURE AND PURPOSE OF ACTION

1.     TP Defendants deny the truth of the allegations set forth in Paragraph 1 of the TPC.

2.     TP Defendants deny any alleged breach and deny possessing knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 2 of the TPC.

3.     TP Defendants deny the truth of the allegations set forth in Paragraph 3 of the TPC.

4. TP Defendants deny possessing knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 4 of the TPC.

## JURISDICTION AND VENUE

5. TP Defendants deny possessing knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 5 of the TPC.

6. TP Defendants deny possessing knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 6 of the TPC.

7. TP Defendants deny possessing knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 7 of the TPC.

8. TP Defendants deny possessing knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 8 of the TPC.

## PARTIES

9. TP Defendants deny possessing knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 9 of the TPC.

10. TP Defendants admit the truth of the allegations set forth in Paragraph 10 of the TPC.

11. TP Defendants deny the truth of the allegations set forth in Paragraph 11 of the TPC except admit that Servbank, SB is a state savings bank chartered by the state of Illinois, and is headquartered at 3201 Orchard Rd., Oswego, Illinois 60543.

## STATEMENT OF FACTS

12. TP Defendants deny possessing knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 12 of the TPC.

13. TP Defendants admit the truth of the allegations set forth in Paragraph 13 of the TPC.

14. TP Defendants admit the truth of the allegations set forth in Paragraph 13 of the TPC.

15. TP Defendants refer TP Plaintiff to the Agreement that speaks for itself.

16. TP Defendants refer TP Plaintiff to the Agreement that speaks for itself.

17. TP Defendants refer TP Plaintiff to the Agreement that speaks for itself.

18. TP Defendants refer TP Plaintiff to the Agreement that speaks for itself.

19. TP Defendants refer TP Plaintiff to the Agreement that speaks for itself.

20. TP Defendants deny the truth of the allegations set forth in Paragraph 20 of the TPC.

21. The allegations set forth in Paragraph 21 are legal arguments, which do not require a response, to the extent a response is required, TP Defendants refer TP Plaintiff to the Agreement that speaks for itself.

22. TP Defendants deny possessing knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 22 of the TPC.

23. TP Defendants deny possessing knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 23 of the TPC.

24. TP Defendants deny possessing knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 24 of the TPC.

25. TP Defendants deny possessing knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 25 of the TPC and direct TP Plaintiffs to the pleadings, which speak for themselves.

26. TP Defendants deny possessing knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 26 of the TPC and direct TP Plaintiffs to the pleadings, which speak for themselves.

27. TP Defendants deny possessing knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 27 of the TPC and direct TP Plaintiffs to the pleadings, which speak for themselves.

28. TP Defendants deny the truth of the allegations set forth in Paragraph 28 of the TPC.

29. TP Defendants deny the truth of the allegations set forth in Paragraph 29 of the TPC.

30. TP Defendants deny the truth of the allegations set forth in Paragraph 30 of the TPC.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

31. To the extent a response is required, TP Defendants deny the truth of the allegations contained in Paragraph 31.

32. TP Defendants admit the truth of the allegations set forth in Paragraph 32 of the TPC.

33. TP Defendants refer TP Plaintiffs to the Agreement that speaks for itself.

34. TP Defendants deny the truth of the allegations set forth in Paragraph 34 of the TPC.

35. TP Defendants deny the truth of the allegations set forth in Paragraph 35 of the TPC.

36. TP Defendants deny the truth of the allegations set forth in Paragraph 36 of the TPC.

37. TP Defendants deny the truth of the allegations set forth in Paragraph 37 of the TPC.

## TP DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The TPC fails to state sufficient facts to constitute a cause of action against the TP Defendants.

### SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

The TP Plaintiff is estopped from claiming any amounts allegedly due, by reason of its own conduct and activities, or that of its agents or other necessary parties.

### THIRD AFFIRMATIVE DEFENSE
### (Laches)

TP Plaintiff's claim is barred to the extent the claim is barred by the equitable doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

The TP Plaintiff has waived any right, if any, to claim any sums due, by reason of its own conduct, or that of its agents or other necessary parties.

### FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

TP Plaintiff comes to this Court with unclean hands and cannot complain of the acts or omissions of the TP Defendants.

**SIXTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

TP Plaintiff has failed to mitigate its damages, if in fact it has sustained any, and has failed to act reasonably to control or limit any losses.

**SEVENTH AFFIRMATIVE DEFENSE**
**(No Causal Connection)**

There is no causal connection, whether actual or proximate, between any of the conduct of the TP Defendants and the alleged loss or damage that the TP Plaintiff contends it sustained.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Good Faith Conduct)**

Without admitting the allegations in the TPC, TP Plaintiff's claim against the TP Defendants is barred, in whole or in part, due to the TP Defendants having acted in good faith and reasonably with respect to the matters in the TPC.

**NINTH AFFIRMATIVE DEFENSE**
**(Statute of Frauds)**

Without admitting the allegations in the TPC, TP Plaintiff's claim is barred to the extent the claim against TP Defendants is barred, in whole or in part, by the statute of frauds.

**TENTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations/Statute of Repose)**

Without admitting the allegations in the TPC, TP Plaintiff's claim is barred to the extent the claim against TP Defendants is barred, in whole or in part, by the applicable statute of limitations and/or statutes of repose.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Third Party Action)**

Without admitting the allegations in the TPC, TP Plaintiff's claim is barred to the extent the claim against TP Defendants is barred, in whole or in part, because any damage allegedly

suffered is solely the proximate result of conduct, acts, acts/or omissions of persons or entities other than TP Defendants, over whom TP Defendants had no control.

### TWELFTH AFFIRMATIVE DEFENSE
### (No Brach of Duty)

Without admitting the allegations in the TPC, TP Plaintiff's claim is barred to the extent the claim against TP Defendants is barred, in whole or in part, because TP Defendants did not breach any duty owed to TP Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Documentary Evidence)

Without admitting the allegations in the TPC, TP Plaintiff's claim is barred to the extent the claim against TP Defendants is barred, in whole or in part, by documentary evidence.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (No Damages)

Without admitting the allegations in the Complaint, TP Plaintiff's claim is barred to the extent that claim against TP Defendants is barred, in whole or in part, because TP Plaintiff has suffered no actual damages and/or any such alleged damages cannot be proven at law.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Breach by TP Plaintiff)

Without admitting the allegations in the Complaint, TP Plaintiff's claim is barred to the extent that claim against TP Defendants is barred, in whole or in part, by TP Plaintiff's beach of its obligations to TP Defendants

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Improper Venue)

Without admitting the allegations in the TPC, TP Plaintiff's claim is barred to the extent the claim against TP Defendants is barred, in whole or in part, because the instant venue is not the proper venue for this alleged dispute.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

Without admitting the allegations in the TPC, TP Plaintiff's claim is barred to the extent the claim against TP Defendants is barred, in whole or in part, due to this Court's lack of subject matter jurisdiction.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Law of the Case)

To the extent legal issues concerning the Agreement have already been determined, TP Plaintiff's claim is barred by the law of the case doctrine.

### NINETEENTH AFFIRMATIVE DEFENSE
### (No Contractual Obligation to Indemnify)

Without admitting the allegations in the TPC, TP Plaintiff's claim is barred because pursuant the terms of the Agreement the TP Defendants are obligated to indemnify TP Plaintiff only for third-party claims that are based on: (a) fraud or willful misconduct; (b) breach of the Non-Disclosure or Ownership (Privacy) sections of the Agreement; and (c) infringement of a third-party's intellectual property rights because of a TMS action. Accordingly, TP Plaintiff's demand for indemnification for a breach of contract claim must fail.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Failure to Provide Proper and Timely Written Notice)

Without admitting the allegations in the TPC, TP Plaintiff's claim is barred because TP Plaintiff failed to provide TMS with the proper and timely written notice of the sale of the MSRs to SMAC.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
**(Failure to Comply with Indemnification Procedures)**

Without admitting the allegations in the TPC, TP Plaintiff's claim is barred because TP Plaintiff failed to comply with indemnification procedures as set forth in §8.2. D. of the Agreement.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
**(Failure to Comply with Requirements for Resolution of Disputes and Monetary Errors)**

Without admitting the allegations in the TPC, TP Plaintiff's claim is barred because TP Plaintiff failed to comply with the requirements for "Resolution of Disputes and Monetary Errors" as set forth in §4.4 of the Agreement.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
**(Additional Defenses)**

TP Defendants reserve the right to assert additional affirmative defenses should such defenses be warranted based on the facts disclosed through discovery.

Dated: Lake Success, New York
       July 26, 2024

                            MILMAN LABUDA LAW GROUP, PLLC

        By:      */s/ Colleen O'Neil*
                            Joseph Labuda, Esq.
                            Michael Mulé, Esq
                            Colleen O'Neil, Esq.
                            3000 Marcus Avenue, Suite 3W8
                            Lake Success, New York 11042
                            Telephone:    516-328-8899
                            Fax:             516-328-0082
                            colleen@mllaborlaw.com

                            *Attorneys for Third-Party Defendants*