UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STANWICH MORTGAGE ACQUISITION COMPANY VIII, LLC,<br><br>Plaintiff,<br><br>- against -<br><br>EQUITY PRIME MORTGAGE, LLC,<br><br>Defendant. | 24-cv-771(DEH)<br><br>**STIPULATED PROTECTIVE ORDER** |

WHEREAS, plaintiff Stanwich Mortgage Acquisition Company VIII, LLC, defendant and third-party plaintiff Equity Prime Mortgage, LLC, third-party defendant The Money Source, Inc., and third-party defendant Servbank, Sb (each, a "Party" and collectively, the "Parties") have agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order (the "Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby:

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged in connection with this action:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The Party or non-party producing any given Discovery Material (the "Producing Party") may designate as Confidential any information it believes in good faith constitutes or contains trade secrets, proprietary business information, information that is subject to a confidentiality or non-disclosure agreement between the Producing Party and any third party, or other sensitive information, the disclosure of which would, in the good faith judgment of the Producing Party, if disclosed to the public in general, cause harm or be detrimental to the conduct of the Producing Party's business or other proprietary or privacy interest.

3. Confidential Discovery Material shall not include information which: (a) now or subsequently has come into the public domain through no breach of this Agreement by the Party receiving Discovery Material ("Receiving Party"); (b) was known to the Receiving Party on a non-confidential basis prior to its disclosure as part of this action; (c) is or becomes rightfully available to the Receiving Party on a non-confidential basis from any third party, the disclosure of which to the Receiving Party does not violate any contractual or legal obligation said third party has with respect to such information that is known to the Receiving Party; (d) the Receiving Party had in its possession prior to disclosure by the Producing Party and which had not previously been obtained from the Producing Party or another person under an obligation of confidentiality to the

Producing Party that is known to the Receiving Party; or (e) is independently developed by the Receiving Party without the benefit of any Confidential Discovery Material. Notwithstanding the above, any Loan Documents designated as Confidential by the Producing Party shall remain Confidential Discovery Material, subject to paragraph 8 *infra*. For purposes of this provision, "Loan Documents" mean all original notes, mortgages, and other records contained in the collateral file generated in connection with the loan closing, and all records prepared in connection with loan servicing containing customer data, which includes payment records, internal servicing notes (which includes, but is not limited to, all internal phone logs), loss mitigation records, and modification documents.

4. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or that Party's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as Confidential either on the record during the deposition or within 14 days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

5. The failure to designate particular Discovery Material as "Confidential" at the time of production shall not operate to waive a Producing Party's right to later designate such Discovery Material as "Confidential." If a Producing Party realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, the Producing Party may so designate by notifying all Parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order; provided that a later designation does not waive a Party's right to challenge the designation. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" designation within five (5) business days of providing such notice. Upon receipt of replacement copies of such Discovery Material with the "Confidential" designation, each Receiving Party shall take all commercially reasonable steps to return or destroy all previously produced copies of such Material.

6. In the absence of an order of the Court or prior written agreement of the Producing Party, no person subject to this Order other than the Producing Party shall disclose any of the Confidential Discovery Material to any other person whomsoever, except to:

   a. the Parties, including a Party's employees necessary to assist in this action, and, with respect to Discovery Material designated as Confidential that was produced by a non-party, also to such non-party;

   b. counsel working on this action on behalf of any Party, including attorneys consulting with or advising any Party to this action, in-house attorneys, paralegals and staff, stenographic and clerical employees, and contractors working under the direct supervision of such counsel;

   c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d.  any witness who counsel for a Party to this action in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    e.  any person retained by a Party to this action to serve as an expert witness, consultant, or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    f.  stenographers engaged to transcribe depositions conducted in this action;

    g.  the Court, court personnel, court reports, and other persons connected with the Court; and

    h.  any other person whom the Producing Party agrees in writing may have access to such Confidential Discovery Material.

7.    Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(d) or 6(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit A hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement.

8.    Any Party who objects to any designation of Confidentiality may at any time serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection or request. The Producing Party shall respond to the objection in writing within fourteen (14) days, and shall state with particularity the grounds for asserting that the Confidential Discovery Material is properly designated. If no written response to the objection is made within fourteen (14) days, the challenged designation is deemed void. If a timely written response to the objection is made, the parties shall first try to resolve the dispute in good faith by meeting and conferring. If agreement cannot be reached promptly, counsel for the Receiving Party may seek relief from the Court, provided that the Producing Party retains the burden of establishing the propriety of a "Confidential" designation. Until the Court rules on such an issue, the Confidential Discovery Material shall continue to be treated according to its designation.

9.    Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10.    For any filing of any Confidential Discovery Material, the Parties shall comply with Rule 6 of Judge Ho's Individual Practices.

11.    Pursuant to Federal Rule of Evidence 502, the inadvertent production of any Discovery Material which a Party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Information"), will not by itself constitute a waiver of any applicable privilege. This Stipulation and Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

12.  Within five (5) business days after a Producing Party discovers (or receives notice from another Party or non-Party) that it has produced Inadvertently Produced Privileged Information, the Producing Party shall request the return of such Inadvertently Produced Privileged Information by identifying in writing the Discovery Material inadvertently produced and the basis for withholding such Discovery Material from production. Within five (5) business days of receipt of such request, each Receiving Party shall take all commercially reasonable steps to return or destroy the Discovery Material (including copies thereof and any work product that incorporates the Inadvertently Produced Privileged Information) and provide a written confirmation via email that all such Discovery Material has been returned or destroyed. If the Receiving Party disputes the privilege claim, it must notify the Producing Party of the dispute and the basis therefore in writing within ten (10) days of receipt of the Producing Party's notification. The Parties shall thereafter meet and confer regarding the disputed privilege claim. If the Parties cannot resolve their dispute, either Party may seek a determination from the Court whether the privilege applies and shall not assert as a ground for such determination the fact of the inadvertent production. The Producing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Produced Privileged Information. The Producing Party must preserve the Inadvertently Produced Privileged Information and, other than in connection with seeking a determination by the Court, the Receiving Party may not use the Inadvertently Produced Privileged Information for any purpose until the dispute is resolved.

13.  Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

14.  This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, including all possible appeals and post-judgment enforcement efforts, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the Producing Party, or destroyed and provide written confirmation (via email is sufficient) that all such information has been returned or destroyed.

15.  This Order may be changed only by further agreement of the Parties in writing or by order of the Court and is without prejudice to the right of any party to seek modification or judicial relief of this Order by application to the Court on notice to the other Parties.

16.  This Court shall retain jurisdiction over all persons subject to this Order for so long as such persons have Confidential Discovery Material and to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

[Signature page to follow]

**STIPULATED TO:**

Dated: New York, New York
September 19, 2024

**KASOWITZ BENSON TORRES LLP**

By: /s/ *Jill L. Forster*
   Michael A. Hanin
   Jill L. Forster
   Sarah F. Lyon
   1633 Broadway
   New York, New York 10019
   Tel.: (212) 506-1700
   Fax: (212) 506-1800
   MHanin@kasowitz.com
   JForster@kasowitz.com
   SLyon@kasowitz.com
*Attorneys for Stanwich Mortgage Acquisition Company VIII, LLC*

Dated: Lake Success, New York
September 19, 2024

**MILMAN LABUDA LAW GROUP PLLC**

By: /s/ *Colleen O'Neil*
   Colleen O'Neil
   300 Marcus Avenue, Suite 3W8
   Lake Success, New York 11042
   Tel.: (516) 328-8899
   Fax: (516) 328-0082
   Colleen@mllaborlaw.com
*Attorneys for The Money Source, Inc. and ServBank, Sb*

Dated: Uniondale, New York
September 19, 2024

**FORCHELLI DEEGAN TERRANA LLP**

By: /s/ *Keith J. Frank*
   Keith J. Frank
   Lisa M. Casa
   333 Earle Ovington Blvd., Suite 1010
   Uniondale, New York 11553
   Tel.: 516-248-1700
   kfrank@forchellilaw.com
   lcasa@forchellilaw.com

*Attorneys for Equity Prime Mortgage, LLC*

The parties are apprised that the Court retains discretion as to whether to afford confidential treatment in its opinions and orders to information the parties have redacted, sealed, or designated as confidential. The Court retains the discretion to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

**SO ORDERED:**

Dated: September 20, 2024
New York, New York

_____
Hon. Dale E. Ho
United States District Judge

5