

LISA M. CASA, ESQ.
PARTNER
LCASA@FORCHELLILAW.COM

TELEPHONE (516) 248-1700 ext. 315
DIRECT FAX  (516) 750-6438

August 18, 2025

**VIA ECF**

Honorable Dale E. Ho, J.S.C.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 905
New York, New York 10007

      Re:    *Stanwich Mortgage Acquisition Company VIII LLC v. Equity Prime Mortgage LLC v. TMS and Servbank*
             **Case No. 1:24-cv-000771(DEH)**

Dear Judge Ho:

      Our office is counsel to defendant/third-party plaintiff, Equity Prime Mortgage ("EPM"). EPM submits this letter in response to the pre-motion letter filed by plaintiff, Stanwich Mortgage Acquisition Company VIII, LLC ("Plaintiff" or "SMAC") seeking a pre-motion conference in advance of its anticipated motion for summary judgment. [ECF Doc. No. 60].

      EPM maintains that there are material questions of fact, which preclude Plaintiff from making a claim for summary judgment. This action arises out of a mortgage loan purchase agreement ("MLPA") entered between Plaintiff and EPM. Under the MLPA, EPM sold SMAC a bundle of mortgage loans. In exchange, SMAC provided EPM with a sale price that was calculated based on the amount of the unpaid principal balance of the loans, outstanding interest, and funds in escrow. While the MLPA closed on February 1, 2022, there was a transfer period ("interim servicing period"), during which time the mortgage loans were serviced by third-party defendant, TMS.

      Plaintiff now seeks summary judgment alleging that fourteen loans, which it alleges had a principal balance at the time of servicing transfer that was different than what was listed in the MLPA. There are questions of facts concerning these fourteen loans which should preclude a motion for summary judgment. Particularly, for the loans for which insurance proceeds were allegedly provided to EPM, Plaintiff relies on the response notices to admit it served on EPM. However, while the notices to admit acknowledge receipt of funds, they do not and cannot acknowledge that the purported funds were insurance proceeds nor insurance proceeds concerning the loans at issue. Accordingly, material questions of fact remain as to whether, and if any, the amount of insurance proceeds received by EPM. Additionally, Plaintiff's letter motion fails to

Hon. Dale E. Ho, J.S.C.
August 18, 2025
Page 2

demonstrate how the principal balance of these loans was affected by the receipt of these insurance proceeds, if they were received, nor demonstrate how Plaintiff was damaged, at all, as a result of these insurance claims.

With respect to the loans for which no insurance proceeds were received, Plaintiff again fails to demonstrate how, if at all, it was damaged from these loans because it fails to identify whether and how the loan received varied from the amount listed in the MLPA's schedule. Additionally, Plaintiff fails to demonstrate efforts taken by its servicing agent to mitigate and seek insurance claims for any of these mortgage loans. Plaintiff's assertion in support of its pre-motion letter that EPM (or TMS) was required to file insurance claims on or before April 1, 2022, is incorrect. Indeed, during the interim servicing period, EPM was only required to uphold Accepted Servicing Practices," which are defined in the MLPA as:

> **Accepted Servicing Practices:** The mortgage servicing practices of prudent mortgage lending institutions and nationally recognized prudent residential mortgage servicers (i) that service mortgage loans for their own or other portfolios which are of the same type as the Mortgage Loans in the jurisdiction where the related Mortgaged Property is located, (ii) that are in compliance with all applicable federal, state and local laws and regulations, including VA Regulations and (iii) that are in compliance the applicable Mortgage and Mortgage Note.

EPM maintains that it did uphold accepting service practices during the interim service period. However, as detailed in response to TMS's pre-motion letter, should the Court find that EPM did not uphold accepted servicing practice, the fault and liability should lie with EPM's servicer TMS.

As material questions of fact remain concerning EPM's receipt of insurance proceeds, and the servicing of the loans during the interim services period, Plaintiff's request to move for summary judgment should be denied by this Court.

Thank you.

Respectfully submitted,

FORCHELLI DEEGAN TERRANA LLP

By: __/s/_____
    Keith J. Frank, Esq.
    Lisa M. Casa, Esq.