PALLAS

Jill L. Forster
Jill.Forster@pallasllp.com
Tel: 212-970-2306

December 4, 2025

**VIA ECF**

The Honorable Judge Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square, Courtroom 905
New York, NY 10007

Re:     ***Stanwich Mortgage Acquisition Company VIII, LLC v. Equity Prime Mortgage, LLC***,
          **No. 24-cv-771 (DEH) – Letter Motion to Seal**

Dear Judge Ho:

This firm represents plaintiff Stanwich Mortgage Acquisition Company VIII, LLC ("Plaintiff") in the above matter.  We submit this letter motion pursuant to Rule 6 of Your Honor's Individual Rules and Practices in Civil Cases to respectfully request that the Court grant Plaintiff leave to file under seal (i) Exhibits A-CC, FF-II, and MM to the Declaration of Jill L. Forster in Support of Plaintiff's Motion for Summary Judgment (the "Forster Declaration"); (ii) Exhibits A-C to the Declaration of Terrence Morley in Support of Plaintiff's Motion for Summary Judgment (the "Morley Declaration"); (iii) a portion of the Morley Declaration that excerpts an exhibit to that Declaration; and (iv) portions of Plaintiffs' Local Rule 56.1 Statement of Undisputed Material Facts that excerpt exhibits to the Forster Declaration sought to be filed under seal (collectively, the "Confidential Documents").

On a motion to seal, the Court must determine "whether countervailing factors or higher values" exist that outweigh the presumption of public access to a particular judicial document, such as "legal privilege, business secrecy, and privacy interests." *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-cv-7378, 2020 WL 2190708, at \*1 (S.D.N.Y. May 5, 2020) (internal citations omitted). "The demonstration of a valid need to protect the confidentiality of sensitive business information, such as pricing . . . information, may be a legitimate basis to rebut the public's presumption of access to judicial documents." *Id.* at \*2.  Sealing of "personally identifiable information of" nonparties that is "collateral to the factual and legal issues central to the resolution of the motions [and] have little value to the public" is also appropriate. *Ndugga v. Bloomberg L.P.*, 20 Civ. 7464 (GHW) (GWG), 2025 WL 2302089, at \*2 (S.D.N.Y. Aug. 11, 2025).

This action concerns defendant Equity Prime Mortgage, LLC's ("Defendant") breach of its contractual obligations to Plaintiff under a Mortgage Loan Purchase and Sale Agreement, dated as of February 1, 2022 (the "MLPA"), whereby Defendant sold, and Plaintiff purchased, certain agency-guaranteed residential mortgage loans (the "Mortgage Loans").

Many of the Confidential Documents were designated by Defendant as Confidential under the *Amended Stipulated Protective Order* entered by Your Honor on December 4, 2024 (ECF No. 45) or otherwise contain information that Plaintiff agreed to maintain on a confidential basis under the terms of the MLPA.  Specifically, Section 5.9 of the MLPA (annexed as Exhibit A to the Forster Declaration), provides for Plaintiff and Defendant to treat "Records" — defined to include "borrower information and pricing terms related to this transaction," among other things — as "strictly confidential."

Plaintiff informed Defendant that it intended to file the Confidential Documents in support of Plaintiff's Motion for Summary Judgment.  Defendant asked Plaintiff to file the Confidential Documents under seal, and Plaintiff does not oppose that request.  In compliance with that request, Plaintiff has filed this letter motion.

Plaintiff agrees that certain information within the Confidential Documents should be kept under seal.  Specifically, the Confidential Documents contain confidential information regarding the Mortgage Loans and the individual borrowers of those residential loans, who are not parties to this litigation, including loans numbers, agency case numbers, borrower names, borrower addresses, and other borrower contact information.  This information is collateral to the issues in this action.  Certain of the Confidential Documents also contain confidential pricing terms related to the purchase and sale of the Mortgage Loans — *i.e.*, the purchase price of the Mortgage Loans and the purchase price percentage used to calculate the purchase price.  These competitively sensitive pricing terms should be kept under seal.

We thank the Court for its consideration.

Respectfully submitted,

*Jill L. Forster*

Jill L. Forster

