# Exhibit E

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STANWICH MORTGAGE ACQUISITION COMPANY VIII, LLC,<br><br>Plaintiff,<br><br>- against -<br><br>EQUITY PRIME MORTGAGE, LLC,<br><br>Defendant. | Civil Action No. 1:24-cv-00771-DEH<br><br>Hon. Dale E. Ho |

### EQUITY PRIME MORTGAGE LLC'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

Defendant, Equity Prime Mortgage LLC ("EPM" or "Defendant"), by its attorneys, Forchelli Deegan Terrana LLP, hereby responds to Plaintiff's First Request for Admissions ("Request") as follows:

### PRELIMINARY STATEMENT

Defendant has not, at this time, fully completed its discovery and investigation in this action. All information contained herein is based solely upon such information and evidence as is presently available and known to Defendant upon information and belief at this time. Further discovery, investigation, research and analysis may supply additional facts, and meaning to currently known information. Defendant reserves the right to amend any and all responses herein as additional facts are ascertained, legal research is completed, and analysis is undertaken. The responses herein are made in a good faith effort to supply as much information as is presently known to Defendant.

### II. GENERAL OBJECTIONS

In order to avoid undue and unnecessary repetition, Defendant makes the following general and continuing objections to the Requests. All general and continuing objections apply

1

to the responses to each request, and specific references to these objections in the particular response is intended for emphasis only. Failure to list a general and continuing objection is not intended, nor should it be construed, as a waiver of that objection.

A. Defendant objects to the Requests as they impose or seek to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Local Rules and Orders of the Court.

B. Defendant objects to the Requests to the extent they seek disclosure of information protected under the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege or immunity. Should any such disclosure by Defendant occur, it is inadvertent and shall not constitute a waiver of any privilege or immunity.

C. Defendant objects to the Requests to the extent that they seek admissions of information relating to any entity or individual over whom Defendant have no control.

D. Defendant objects to the Requests to the extent that they seek admissions of information already known to Plaintiff or within Plaintiff's knowledge.

E. Defendant objects to the Requests as unduly burdensome, insofar as they seek admissions of information that are vague, overbroad and/or duplicative of more specific requests in other demands to which Defendant may have already responded.

F. Defendant reserves its right to challenge the competency, relevancy, materiality and admissibility of, or to object on any grounds to, the use of any information provided in response to any of the Requests at the trial of this or any other action or proceeding.

G. Defendant objects to the Requests insofar as they seek admissions of information that are not within the scope of Defendant's knowledge at this time.

H. Defendant objects to the Requests as duplicative, to the extent that they contain

requests seeking admissions of the same information as other requests contained therein.

I. Defendant objects to the Requests to the extent that they call for legal conclusions.

J. Defendant objects to the Requests insofar as they request admissions of information in a vague and ambiguous manner.

K. Defendant reserves its right to rely on any facts, documents or other evidence that may develop or come to Defendant's attention subsequent hereto. Defendant's responses, as set forth herein, are based upon information presently known to the Defendant and its attorneys. Defendant's responses are set forth herein without prejudice to Defendant's right to assert additional objections, supplemental and amended responses and identify and/or produce additional documents, and Defendant hereby reserves its right to supplement or amend these responses at any time prior to the trial of this action. Defendant shall supplement these responses to the extent required by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Defendant provides the following responses:

### III. RESPONSE TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1**

Admit that You received proceeds after the Cut-Off Date from an Insurance Claim on Loan ID ▮▮▮▮0990.

**RESPONSE**: Based on a review of its business records, EPM is unable to determine whether it received proceeds from an Insurance Claim for Loan ID ▮▮▮▮0990.

**REQUEST FOR ADMISSION NO. 2**

Admit that You received $51,641.20 in proceeds after the Cut-Off Date from an Insurance Claim on Loan ID ▮▮▮▮0990.

3

**RESPONSE**: EPM acknowledges that it received $51,641.20, but is unable to determine the source of such funds.

**REQUEST FOR ADMISSION NO. 3**

Admit that You did not transfer or cause the transfer of any proceeds received after the Cut-Off Date from the Insurance Claim on Loan ID ▇0990 to Plaintiff.

**RESPONSE**: EPM is unable to admit or deny as it is unable to confirm or deny whether an Insurance Claim for Loan ID ▇0990 was ever submitted or process. However, EPM admits that no funds were transferred to Plaintiff after the Cut-Off Date in connect with Loan ID ▇0990.

**REQUEST FOR ADMISSION NO. 4**

Admit that You received proceeds after the Cut-Off Date from the Insurance Claim on Loan ID ▇5783.

**RESPONSE**: Based on a review of its business records, EPM is unable to determine whether it received proceeds from an Insurance Claim for Loan ID ▇5783.

**REQUEST FOR ADMISSION NO. 5**

Admit that You received $51,961.62 in proceeds after the Cut-Off Date from the Insurance Claim on Loan ID ▇5783.

**RESPONSE**: EPM acknowledges received $51,961.62, but is unable to determine the source of such funds.

**REQUEST FOR ADMISSION NO. 6**

Admit that You did not transfer or cause the transfer of any proceeds received after the Cut-Off Date from the Insurance Claim on Loan ID ▇5783 to Plaintiff.

**RESPONSE**: EPM is unable to admit or deny as it is unable to confirm or deny whether an Insurance Claim for Loan ID ▇5783 was ever submitted or process. However, EPM admits

4

that no funds were transferred to Plaintiff after the Cut-Off Date in connect with Loan ID ▮5783.

**REQUEST FOR ADMISSION NO. 7**

Admit that You received proceeds after the Cut-Off Date from the Insurance Claim on Loan ID ▮2661.

**RESPONSE**: Based on a review of its business records, EPM is unable to determine whether it received proceeds from an Insurance Claim for Loan ID ▮2661.

**REQUEST FOR ADMISSION NO. 8**

Admit that You received $79,416.64 in proceeds after the Cut-Off Date from the Insurance Claim on Loan ID ▮2661.

**RESPONSE**: EPM acknowledges that it received $79,416.64, but is unable to determine the source of such funds.

**REQUEST FOR ADMISSION NO. 9**

Admit that You did not transfer or cause the transfer of any proceeds received after the Cut-Off Date from the Insurance Claim on Loan ID ▮2661 to Plaintiff.

**RESPONSE**: EPM is unable to admit or deny as it is unable to confirm or deny whether an Insurance Claim for Loan ID ▮2661 was ever submitted or process. However, EPM admits that no funds were transferred to Plaintiff after the Cut-Off Date in connect with Loan ID ▮2661.

**REQUEST FOR ADMISSION NO. 10**

Admit that You received proceeds after the Cut-Off Date from the Insurance Claim on Loan ID ▮9824.

**RESPONSE**: Based on a review of its business records, EPM is unable to determine whether it received proceeds from an Insurance Claim for Loan ID ▮9824.

5

**REQUEST FOR ADMISSION NO. 11**

Admit that You received $73,070.84 in proceeds after the Cut-Off Date from the Insurance Claim on Loan ID ▮9824.

**RESPONSE**: EPM acknowledges that it received $73,070.84, but is unable to determine the source of such funds.

**REQUEST FOR ADMISSION NO. 12**

Admit that You did not transfer or cause the transfer of any proceeds received after the Cut-Off Date from the Insurance Claim on Loan ID ▮9824 to Plaintiff.

**RESPONSE**: EPM is unable to admit or deny as it is unable to confirm or deny whether an Insurance Claim for Loan ID ▮9824 was ever submitted or process. However, EPM admits that no funds were transferred to Plaintiff after the Cut-Off Date in connect with Loan ID ▮9824.

**REQUEST FOR ADMISSION NO. 13**

Admit that You received proceeds after the Cut-Off Date from the Insurance Claim on Loan ID ▮2216.

**RESPONSE**: Based on a review of its business records, EPM is unable to determine whether it received proceeds from an Insurance Claim for Loan ID ▮2216.

**REQUEST FOR ADMISSION NO. 14**

Admit that You received $48,666.49 in proceeds after the Cut-Off Date from the Insurance Claim on Loan ID ▮2216.

**RESPONSE**: EPM acknowledges that it received $48,666.49, but is unable to determine the source of such funds.

**REQUEST FOR ADMISSION NO. 15**

Admit that You did not transfer or cause the transfer of any proceeds received after the

Cut-Off Date from the Insurance Claim on Loan ID ▇2216 to Plaintiff.

**RESPONSE**: EPM is unable to admit or deny as it is unable to confirm or deny whether an Insurance Claim for Loan ID ▇2216 was ever submitted or process. However, EPM admits that no funds were transferred to Plaintiff after the Cut-Off Date in connect with Loan ID ▇2216.

**REQUEST FOR ADMISSION NO. 16**

Admit that You received proceeds after the Cut-Off Date from the Insurance Claim on Loan ID ▇1324.

**RESPONSE**: Based on a review of its business records, EPM is unable to determine whether it received proceeds from an Insurance Claim for Loan ID ▇1324.

**REQUEST FOR ADMISSION NO. 17**

Admit that You received $48,344.10 in proceeds after the Cut-Off Date from the Insurance Claim on Loan ID ▇1324.

**RESPONSE**: EPM acknowledges that it received $48,344.10, but is unable to determine the source of such funds.

**REQUEST FOR ADMISSION NO. 18**

Admit that You did not transfer or cause the transfer of any proceeds received after the Cut-Off Date from the Insurance Claim on Loan ID ▇1324 to Plaintiff.

**RESPONSE**: EPM is unable to admit or deny as it is unable to confirm or deny whether an Insurance Claim for Loan ID ▇1324 was ever submitted or process. However, EPM admits that no funds were transferred to Plaintiff after the Cut-Off Date in connect with Loan ID ▇1324.

**REQUEST FOR ADMISSION NO.19**

Admit that You received proceeds after the Cut-Off Date from the Insurance Claim on Loan ID ▇1389.

**RESPONSE**: Based on a review of its business records, EPM is unable to determine whether it received proceeds from an Insurance Claim for Loan ID ▇1389.

**REQUEST FOR ADMISSION NO. 20**

Admit that You received $56,867.53 in proceeds after the Cut-Off Date from the Insurance Claim on Loan ID ▇1389.

**RESPONSE**: EPM acknowledges that it received $56,867.53, but is unable to determine the source of such funds.

**REQUEST FOR ADMISSION NO. 21**

Admit that You did not transfer or cause the transfer of any proceeds received after the Cut-Off Date from the Insurance Claim on Loan ID ▇1389 to Plaintiff.

**RESPONSE**: EPM is unable to admit or deny as it is unable to confirm or deny whether an Insurance Claim for Loan ID ▇1389 was ever submitted or process. However, EPM admits that no funds were transferred to Plaintiff after the Cut-Off Date in connect with Loan ID ▇1389.

**REQUEST FOR ADMISSION NO. 22**

Admit that You received proceeds after the Cut-Off Date from the Insurance Claim on Loan ID ▇6400.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 23**

Admit that You received $19,311.67 in proceeds after the Cut-Off Date from the Insurance Claim on Loan ID ▇6400.

8

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 24**

Admit that You did not transfer or cause the transfer of any proceeds received after the Cut-Off Date from the Insurance Claim on Loan ID ▇▇▇6400 to Plaintiff.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 25**

Admit that, during the Interim Servicing Period, the principal and interest on the Subject Loans was written down in the total amount of $841,100.07.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 26**

Admit that, during the Interim Servicing Period, the principal and interest on Loan ID ▇▇▇1086 was written down in the total amount of $61,644.76.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 27**

Admit that a loan modification agreement for Loan ID ▇▇▇1086 was fully executed on February 25, 2022.

**RESPONSE**: EPM respectfully refers to the records that were produced and bates stamped EPM 001492 to EPM 001498.

**REQUEST FOR ADMISSION NO. 28**

Admit that the Servicer could have filed an Insurance Claim on Loan ID ▇▇▇1086 with the relevant Agency in the Interim Servicing Period.

**RESPONSE**: EPM can neither admit nor deny as this request information concerning actions taken by a third-party.

**REQUEST FOR ADMISSION NO. 29**

Admit that the Servicer filed an Insurance Claim on Loan ID ▮1086.

**RESPONSE**: EPM can neither admit nor deny as this request information concerning actions taken by a third-party.

**REQUEST FOR ADMISSION NO. 30**

Admit that, during the Interim Servicing Period, the principal and interest on Loan ID ▮8967 was written down in the total amount of $118,761.10.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 31**

Admit that a loan modification agreement for Loan ID ▮8967 was fully executed on January 18, 2022.

**RESPONSE**: EPM respectfully refers to the records that were produced and bates stamped EPM 001448 to 001454.

**REQUEST FOR ADMISSION NO. 32**

Admit that the Servicer could have filed an Insurance Claim on Loan ID ▮8967 with the relevant Agency in the Interim Servicing Period.

**RESPONSE**: EPM can neither admit nor deny as this request information concerning actions taken by a third-party.

**REQUEST FOR ADMISSION NO. 33**

Admit that the Servicer filed an Insurance Claim on Loan ID ▮8967.

**RESPONSE**: EPM can neither admit nor deny as this request information concerning actions taken by a third-party.

**REQUEST FOR ADMISSION NO. 34**

Admit that, during the Interim Servicing Period, the principal and interest on Loan ID ▮1260 was written down in the total amount of $53,499.27.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 35**

Admit that a loan modification agreement for Loan ID ▮1260 was fully executed on January 31, 2022.

**RESPONSE**: EPM respectfully refers to the records that were produced and bates stamped EPM 001421 to 001434.

**REQUEST FOR ADMISSION NO. 36**

Admit that the Servicer could have filed an Insurance Claim on Loan ID ▮1260 with the relevant Agency in the Interim Servicing Period.

**RESPONSE**: EPM can neither admit nor deny as this request information concerning actions taken by a third-party.

**REQUEST FOR ADMISSION NO. 37**

Admit that the Servicer filed an Insurance Claim on Loan ID ▮1260.

**RESPONSE**: EPM can neither admit nor deny as this request information concerning actions taken by a third-party.

**REQUEST FOR ADMISSION NO. 38**

Admit that, during the Interim Servicing Period, the principal and interest on Loan ID ▮1820 was written down in the total amount of $70,297.97.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 39**

Admit that a loan modification agreement for Loan ID ▮1820 was executed by the

11

borrowers on January 7, 2022.

**RESPONSE**: EPM respectfully refers to the records that were produced and bates stamped EPM 004770 to EPM 004774.

**REQUEST FOR ADMISSION NO. 40**

Admit that the Servicer could have filed an Insurance Claim on Loan ID ▮1820 with the relevant Agency in the Interim Servicing Period.

**RESPONSE**: EPM can neither admit nor deny as this request information concerning actions taken by a third-party.

**REQUEST FOR ADMISSION NO. 41**

Admit that the Servicer filed an Insurance Claim on Loan ID ▮1820.

**RESPONSE**: EPM can neither admit nor deny as this request information concerning actions taken by a third-party.

**REQUEST FOR ADMISSION NO. 42**

Admit that, during the Interim Servicing Period, the principal and interest on Loan ID ▮6984 was written down in the total amount of $95,873.27.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 43**

Admit that a loan modification agreement for Loan ID ▮6984 was fully executed on January 12, 2022.

**RESPONSE**: EPM respectfully refers to the records that were produced and bates stamped EPM 001621 to 001627.

**REQUEST FOR ADMISSION NO. 44**

Admit that the Servicer could have filed an Insurance Claim on Loan ID ▮6984 with the relevant Agency in the Interim Servicing Period.

**RESPONSE**: EPM can neither admit nor deny as this request information concerning actions taken by a third-party.

**REQUEST FOR ADMISSION NO. 45**

Admit that the Servicer filed an Insurance Claim on Loan ID ▇▇▇6984.

**RESPONSE**: EPM can neither admit nor deny as this request information concerning actions taken by a third-party.

**REQUEST FOR ADMISSION NO. 46**

Admit that, during the Interim Servicing Period, the principal and interest on Loan ID ▇▇▇4634 was written down in the total amount of $111,596.70.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 47**

Admit that a loan modification agreement for Loan ID ▇▇▇4634 was fully executed on February 8, 2022.

**RESPONSE**: EPM respectfully refers to the records that were produced and bates stamped EPM 001564 to 001570.

**REQUEST FOR ADMISSION NO. 48**

Admit that the Servicer could have filed an Insurance Claim on Loan ID ▇▇▇4634 with the relevant Agency in the Interim Servicing Period.

**RESPONSE**: EPM can neither admit nor deny as this request information concerning actions taken by a third-party.

**REQUEST FOR ADMISSION NO. 49**

Admit that the Servicer filed an Insurance Claim on Loan ID ▇▇▇4634.

**RESPONSE**: EPM can neither admit nor deny as this request information concerning actions taken by a third-party.

**REQUEST FOR ADMISSION NO. 50**

Admit that You did not provide Plaintiff or CMS with any information regarding Insurance Claims on any Subject Loans prior to December 1, 2023.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 51**

Admit that You did not provide Plaintiff or CMS with any information regarding Insurance Claims that could be filed on any Subject Loans prior to December 1, 2023.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 52**

Admit that the Interim Servicing Period is the period between February 1, 2022, and March 22, 2022.

**RESPONSE**: Admit.

**REQUEST FOR ADMISSION NO. 53**

Admit that the Cut-Off Date is January 31, 2022.

**RESPONSE**: Admit.

**REQUEST FOR ADMISSION NO. 54**

Admit that the MLPA is a valid and enforceable contract.

**RESPONSE**: Defendant's object to this request for admission as it calls for a legal conclusion and is not an appropriate subject for a request for admission.

**REQUEST FOR ADMISSION NO. 55**

Admit that Plaintiff and Equity Prime Mortgage, LLC are parties to the MLPA.

**RESPONSE**: Admit.

**REQUEST FOR ADMISSION NO. 56**

Admit that, on or about April 3, 2023, You received the documents produced in this Action bearing Bates range SMAC0000052 - SMAC0000055.

**RESPONSE**: Admit.

**REQUEST FOR ADMISSION NO. 57**

Admit that, on or about August 28, 2023, You received the documents produced in this Action bearing Bates range SMAC0000056 - SMAC0000058.

**RESPONSE**: Admit.

**REQUEST FOR ADMISSION NO. 58**

Admit that each of the Documents produced by You in this Action at Bates range EPM000001 – EPM006594 is genuine and authentic.

**RESPONSE**: Admit.

**REQUEST FOR ADMISSION NO. 59**

Admit that each of the Documents produced by You in this Action at Bates range EPM000001 – EPM006594 is a record of regularly conducted business activity as defined in Federal Rule of Evidence 803(6).

**RESPONSE**: Admit.

Dated:  New York, New York
        December 6, 2024

FORCHELLI DEEGAN TERRANA LLP

By: _____
      Keith J. Frank
      Lisa M. Casa
333 Earle Ovington Blvd., Suite 1010
Uniondale, New York 11553
Tel.: 516-248-1700

**CERTIFICATE OF SERVICE**

    I, Lisa M. Casa, hereby certify that on December 6, 2024, I served a copy of the foregoing on all counsel of record via electronic mail.

                                                                      /s/ *Lisa M. Casa*
                                                                      Lisa M. Casa

## VERIFICATION

I, Al Scuderi, am Chief Financial Officer of defendant, Equity Prime Mortgage. I am the representative of Equity Prime Mortgage for the purpose of answering Stanwich Mortgage Acquisition Company VIII, LLC's Request for Admissions. I have read the foregoing responses to the requests for admissions, which are true according to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 4th day of DECEMBER, 2024.

_____
AL SCUDERI