UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

STANWICH MORTGAGE ACQUISITION          Docket No. 1:24-cv-00771(DEH)
COMPANY VIII, LLC,

                            Plaintiff,

        -against-

EQUITY PRIME MORTGAGE, LLC,

                         Defendant.
-------------------------------------------------------------X
EQUITY PRIME MORTGAGE, LLC,

                  Third-Party Plaintiff,

      -against-

THE MONEY SOURCE INC. and
SERVBANK, SB,

                Third-Party Defendants.
-------------------------------------------------------------X

### DEFENDANT, EQUITY PRIME MORTGAGE, LLC's, OPPOSITION TO THIRD PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

FORCHELLI DEEGAN TERRANA LLP
*Attorneys for Defendant*
333 Earle Ovington Blvd., Suite 1010
Uniondale, New York 11553

## TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ......................................................................................... 1

LEGAL ANALYSIS ............................................................................................................ 2

    I.    SUMMARY JUDGMENT IS INAPPROPRIATE WHERE THERE ARE
    MATERIAL ISSUES OF FACT ............................................................................... 2

    II.    THIRD PARTY DEFENDANTS' ARE RELYING ON AN OVERLY NARROW
    READING OF THE THIRD-PARTY COMPLAINT ............................................... 2

    III.    THE LIMITATIONS OF LIABILITY PROVISIONS ARE NOT
    ENFORCEABLE IF THIRD-PARTY DEFENDANT ACTED IN A GROSSLY
    NEGLIGENT MATTER. ............................................................................................ 5

    IV.    MATERIAL QUESTIONS OF FACT AS TO SERVBANK'S POSITION AS A
    SUCCESSOR TO TMS RENDERS SUMMARY JUDGMENT INAPPROPRIATE AT
    THIS STAGE. ............................................................................................................. 6

CONCLUSION .................................................................................................................... 7

## **TABLE OF AUTHORITIES**

**Cases**

*A.H.A. Gen. Const., Inc. v. New York City Hous. Auth.,* 92 N.Y.2d 20 (1998) ............................. 5

*Arnold Graphics Indus., Inc. v. Indep. Agent Ctr., Inc.*, 775 F.2d 38 (2d Cir. 1985) .................... 7

*Beckman v. U.S. Postal Serv.*, 79 F. Supp. 2d 394 (S.D.N.Y. 2000) ................................................ 4

*Brod v. Omya, Inc.*, 653 F.3d 156 (2d Cir. 2011) ............................................................................ 2

*Deutsche Bank Nat'l Tr. Co. for Morgan Stanley Structured Tr. I 2007-1 v. Morgan Stanley Mortg. Cap. Holdings LLC*, 289 F. Supp. 3d 484 (S.D.N.Y. 2018) ............................................ 5

*Dumel v. Westchester Cnty.*, 656 F. Supp. 3d 454 (S.D.N.Y. 2023) ................................................. 2

*Marbury Mgmt., Inc. v. Kohn,* 629 F.2d 705 (2d Cir.1980) ............................................................. 4

*Newman v. Silver,* 713 F.2d 14 (2d Cir.1983) ................................................................................. 4

*Sommer v. Fed. Signal Corp.*, 79 N.Y.2d 540 (1992) ................................................................... 5, 6

*Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241 (2d Cir. 2004) ............................ 2

*Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54 (2d Cir. 2010)................................................................ 2

## PRELIMINARY STATEMENT

This action was initiated by plaintiff, Stanwich Mortgage Acquisition Company VIII, LLC ("SMAC") alleging that Equity Prime Mortgage ("Equity") breached its obligations to SMAC for failing to uphold generally accepted servicing practices during an interim servicing period from when Equity sold a pool of loans to SMAC, and when SMAC's servicer, Carrington, assumed all servicing duties. Third-Party Defendant, Equity, commenced this third-party action against its subservicer, The Money Source, Inc. ("TMS"), and its successor, Servbank, SB ("Servbank") (collectively, TMS and Servbank are referred to as "Third-Party Defendants") due to servicing irregularities by TMS during the interim servicing period from February 1, 2022 to March 22, 2022. TMS, predecessor to Servbank, was tasked with servicing the loans during the Interim Servicing Period. SMAC's litigation implicating TMS's servicing loans during the interim servicing period, resulted in Equity initiating this third-party action against TMS and its successor Servbank, for TMS's breach of its obligations to uphold generally accepted servicing practices. Equity (as outlined in its opposition to SMAC's motion for summary judgment) correctly serviced loans during the Interim Servicing Period, and is not liable to SMAC. Regardless, if this Court were to find Equity liable based on these alleged deficiencies in servicing, The Third-Party Defendants are liable to Equity for such deficiencies. Material questions of fact with respect to Third-Party Defendants' servicing of the loans during the Interim Servicing Period render summary judgment and dismissal of this third-party action improper. Accordingly, Third-Party Defendants' motion for summary judgment should be denied in its entirety.

## <u>LEGAL ANALYSIS</u>

### I.    **SUMMARY JUDGMENT IS INAPPROPRIATE WHERE THERE ARE <u>MATERIAL ISSUES OF FACT.</u>**

It is well established that "[s]ummary judgment is appropriate where the movant shows that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Dumel v. Westchester Cnty.*, 656 F. Supp. 3d 454, 461 (S.D.N.Y. 2023). "Summary judgment may not be granted unless 'the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011). On a motion for summary judgment, "[t]he role of the court in deciding a motion for summary judgment 'is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party.'" *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 60 (2d Cir. 2010). "It is the movant's burden to show that no genuine factual dispute exists." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). Here, Third-Party Defendants' fails to meet their burden and demonstrate that there are no genuine material issues of fact. Third-Party Defendants' motion is based entirely on an overly narrow reading of the pleadings, and tries to rely on the parties' agreement to exculpate itself from any liability that may arise if Plaintiff's theory of servicing irregularities are determined by the fact finder in this proceeding.

### II.    **THIRD PARTY DEFENDANTS' ARE RELYING ON AN OVERLY <u>NARROW READING OF THE THIRD-PARTY COMPLAINT.</u>**

Third-Party Defendants are attempting to evade any culpability and seek dismissal of the third-party action based on an overly simplistic reading of the third-party complaint. Equity filed the third-party complaint for more than just the failure to forward insurance proceeds to Plaintiff,

SMAC. When this action was filed, Plaintiff, in its complaint, alleged that Equity violated the party's agreement by "failing to transfer to SMAC[1] at least $841,100.07 receive or that will be received on account of mortgage loans purchased by SMAC." [Doc. No. 1 at ¶1]. SMAC further alleged that Equity's servicer, "had filed insurance claims on these loans, but never transferred insurance proceeds to SMAC." [Doc. No. 1 at ¶23]. When the third-party complaint was filed, it was claimed that this action was premised on missing agency insurance payments on all of the loans, as alleged in paragraphs 24 and 25 of the Complaint. [Doc. No. 1]. Equity then properly commenced the third-party complaint against Third-Party Defendants. *See* Third-Party Complaint [Doc. No. 17]. In the Third-Party Complaint, Equity alleges that in filing this action:

> 28. In the event it is determined that the servicing irregularities alleged by SMAC occurred, they were the direct and proximate result of the acts, omissions and breaches of TMS.
>
> 29. In the event it is determined that insurance proceeds for the identified mortgage loans were improperly withheld from SMAC, such withholdings would be in violation of TMS' obligations under the Agreement, which requires TMS to make all remittances to any third-party purchaser within 30 days.
>
> 30. As a result, in the event that EPM is held liable to SMAC, then TMS should be held liable to EPM for the breach of its obligations.

*See* Third-Party Complaint [Doc. No. 17] at ¶28-30.

In the Third-Party Complaint, Equity placed Third-Party Defendants on notice and advised that any liability from SMAC to Equity was the result of any servicing irregularities and failures by Third-Party Defendants to abide by its obligations to Equity during the interim servicing period.

During discovery, it was clear that while agency insurance claims were made for a portion of the loans, for another portion of the loans, no insurance claims were filed during the interim servicing period. Equity (and Third-Party Defendants) upheld all accepted servicing practices, and

---

[1] Equity is adopting the abbreviations used in the complaint and third-party complaint.

any responsibility to file a claim should fall on SMAC's servicer,[2] Carrington, should judgment be entered against Equity for failing to abide by these servicing guidelines, and would fall on Third-Party Defendants who (admittedly) were tasked with servicing the loans. Equity commenced this third-party action in response to the question about Third-Party Defendants' servicing the loans is illustrated in paragraphs 1 to 30 of the Third-Party Complaint, which specifically placed Third-Party Defendants' on notice of: (a) the underlying action commenced by SMAC, and (b) that Equity commenced this proceeding on the finding that any damages pined on Equity to SMAC was the direct and proximate result of Third-Party Defendants' actions. This is not, as Third-Party Defendants allege, an instance where Equity is raising new or novel claims in opposition to summary judgment. Further, it is acknowledged that "a complaint need not correctly plead every legal theory supporting the claim, *see Newman v. Silver,* 713 F.2d 14, 16 n. 1 (2d Cir.1983); *Marbury Mgmt., Inc. v. Kohn,* 629 F.2d 705, 711 n. 4 (2d Cir.1980), at the very least, plaintiff must set forth facts that will allow each party to tailor its discovery to prepare an appropriate defense." *Beckman v. U.S. Postal Serv.,* 79 F. Supp. 2d 394, 407 (S.D.N.Y. 2000). That Third-Party Defendants had adequate notice of Equity's claims are evidenced in the latter part of its summary judgment motion where Third-Party Defendants seek to evade liability by pointing to the provisions of the Third-Party Complaint seeking claimed damages that are not enforceable under the parties' agreement. *See* Motion for Summary Judgment [Doc. No. 77] at 18-19. As Third-Party Defendants had more than adequate notice to determine both the basis for Equity's claim and ample opportunity to engage in discovery that would permit it to defend against Equity's claims, Third-

---

[2] Concurrently with filing this opposition, Equity has moved in opposition to SMAC's motion for summary judgment and has outlined both its failure to breach the MLPA and the limitation on remedies and liabilities which precludes entry of judgment in SMAC's favor.

Party Defendants' narrow reading of the Third-Party Complaint must respectfully be disregarded by this Court.

Third-Party Defendants are clearly mistaken that Equity only commenced this action concerning the forwarding of agency insurance payments. Therefore, Third-Party Defendants overly narrow reading of the Third-Party Complaint should be disregarded. At a minimum, material questions of fact about Third-Party Defendants' servicing of the loans precludes entry of summary judgment in favor of Third-Party Defendants.

### III. THE LIMITATIONS OF LIABILITY PROVISIONS ARE NOT ENFORCEABLE IF THIRD-PARTY DEFENDANT ACTED IN A GROSSLY NEGLIGENT MATTER.

Third-Party Defendants further seek to evade liability by pointing to certain limitation of liability provisions in the servicing agreement between Equity and TMS. However, these liability limitations, even if applicable, are unenforceable when such a clause would be exculpatory. *See A.H.A. Gen. Const., Inc. v. New York City Hous. Auth.,* 92 N.Y.2d 20, 30 (1998)("[e]xculpatory clauses immunize a party from liability for its own misconduct."). "As a matter of public policy, liability for such conduct, which must 'smack[ ] of intentional wrongdoing' and/or evince 'a reckless indifference to the rights of others,' cannot be contracted away." *Deutsche Bank Nat'l Tr. Co. for Morgan Stanley Structured Tr. I 2007-1 v. Morgan Stanley Mortg. Cap. Holdings LLC*, 289 F. Supp. 3d 484, 494 (S.D.N.Y. 2018). This policy "applies equally to contract clauses purporting to exonerate a party from liability and clauses limiting damages to a nominal sum." *Sommer v. Fed. Signal Corp.*, 79 N.Y.2d 540, 554 (1992). Here, in the event it is determined that Third-Party Defendants' conduct derogated from generally accepted servicing practices, there is, at a minimum, a material question of fact as to whether these derogations rose to the level of "intentional wrongdoing" or "a reckless indifference to the rights of others," such that any

limitation of liability included in the parties' servicing agreement may not be enforced as a matter of public policy.

The case of *Sommer v. Fed. Signal Corp.*, 79 N.Y.2d 540, 554–55 (1992), is instructive, where in denying a motion for summary judgment based on a purported limitation of liability, the Court stated:

> The court's role on a motion for summary judgment is to determine whether there is a material factual issue to be tried, not to resolve it (*Sillman v. Twentieth Century–Fox Film Corp.,* 3 N.Y.2d 395, 404, 165 N.Y.S.2d 498, 144 N.E.2d 387). The motion should be granted only if the movant is entitled to judgment as a matter of law (*see, Ugarriza v. Schmieder,* 46 N.Y.2d 471, 474, 414 N.Y.S.2d 304, 386 N.E.2d 1324). Where different conclusions can reasonably be drawn from the evidence, the motion should be denied (*see,* Siegel, N.Y.Prac., at 407 [2d ed]). That is the case here.

The amount of purported damages arising from the claimed servicing deficiencies exceeds $500,000, thus clearly, material questions of fact concerning Third-Party Defendants' malfeasance in servicing the loans renders summary judgment inappropriate at this stage. These deficiencies are compounded by the fact that Plaintiff purports that communications issues from Third-Party Defendants only served to exacerbate the alleged (and still unproven) servicing deficiencies. Therefore, summary judgment must be denied and any limitation of liability may not serve as a bar to Equity's recover against Third-Party Defendants.

### IV.    MATERIAL QUESTIONS OF FACT AS TO SERVBANK'S POSITION AS A SUCCESSOR TO TMS RENDERS SUMMARY JUDGMENT INAPPROPRIATE AT THIS STAGE.

Third-Party Defendant, Servbank, seeks dismissal from this litigation on the premises that it did not service the mortgage loans. This argument fails to acknowledge Servbank's role as a successor to TMS. Particularly, as alleged in paragraph 19 of the Third-Party Complaint, the servicing agreement between Equity and TMS is binding on the parties' successors and permitted assigned. *See* Subservicing Agreement, Section 9.10. There can be no question that Servbank is

the successor to TMS. Particularly, as discussed in its own public statements, Servbank, SB was founded by TMS's founder, Stavros Papstrovou to overtake TMS's servicing business, which would include TMS's servicing of the mortgage loans at issue on behalf of TMS.[3] It is established that when "a *de facto* merger has occurred there must be a continuity of the selling corporation, evidenced by the same management, personnel, assets and physical location; a continuity of stockholders, accomplished by paying for the acquired corporation with shares of stock; a dissolution of the selling corporation, and the assumption of liabilities by the purchaser." *Arnold Graphics Indus., Inc. v. Indep. Agent Ctr., Inc.*, 775 F.2d 38, 42 (2d Cir. 1985). At a minimum, material questions of fact with respect to Servbank, SB's role as a successor to TMS renders dismissal of Servbank, SB from this action improper.

## CONCLUSION

Material questions of fact remain that render summary judgment in favor of Third-Party Defendants improper. Particularly, Third-Party Defendants had clear notice of Equity's claims and the basis for its potential liability. Questions of fact also abound with respect to Third-Party Defendants' potential culpability as to whether any limitation of liability provision may be enforced by this Court. Finally, questions of fact with respect to Servbank, SB's role as a successor to TMS render it a proper third-party defendant. Accordingly, Third-Party Defendants' motion for summary judgment should be denied and Equity permitted to proceed on its third-party claims.

Dated: January 23, 2026
      Uniondale, New York

                                         FORCHELLI DEEGAN TERRANA LLP

                                         By: __/s/_____
                                         Keith J. Frank
                                         Lisa M. Casa

---

[3] *See* https://www.fitchratings.com/research/structured-finance/servbank-sb-24-10-2024 [last visited 22 January 2026].